**MEDICAL CENTER–WEST, INC.,**
**d/b/a HCA Parkway Medical**
**Center, Plaintiff,**

v.

**CLUETT, PEABODY & CO., INC.; Amalgamated Cotton Garment and Allied Industries Fund; Amalgamated Life Insurance Company; Donald Rubin, Inc.; and New York County Health Services Review Organization, Inc., Defendants.**

**Civ. No. 1:91–cv–2165–JEC.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Feb. 17, 1993.

F. Carlton King, Jr., Ford & Harrison, Atlanta, GA, for plaintiff.

James T. Langford, Atlanta, GA, for defendants.

### ORDER

CARNES, District Judge.

This case is presently before the Court on Defendant's Motion to Dismiss [14–1] and Defendant's Motion for Summary Judgment

[14–2]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that both motions should be denied.

## BACKGROUND

William C. Cavender was admitted as a patient of Plaintiff hospital (HCA Parkway Medical Center). Prior to admission to the hospital, Cavender assigned to Plaintiff his right to coverage under the plan operated by Defendants pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Cavender had cancer and, after undergoing a series of treatments, died.

Plaintiff sought to obtain reimbursement from Defendants for Cavender's bills. Defendants disputed several of the bills and Plaintiff subsequently filed this action pursuant to ERISA to recover the amount allegedly owed by Defendants. Defendants have moved to dismiss the action (or, alternatively, for summary judgment) due to Plaintiff's failure to exhaust administrative remedies.[1]

## DISCUSSION

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). A fact's materiality is determined by the controlling substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.* at 249–50, 106 S.Ct. at 2510–11.

The movant bears the initial responsibility of asserting the basis for his motion. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The mov-

ant may discharge his burden by merely " 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Id.* at 325, 106 S.Ct. at 2554. After the movant has carried his burden, the non-moving party is then required to "go beyond the pleading" and present competent evidence[2] designating "specific facts showing that there is a genuine issue for trial." *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553.

■ It is well-established in this circuit that plaintiffs in ERISA cases must normally exhaust available administrative remedies under their ERISA plans before they may bring suit in federal court. *Springer v. Wal–Mart Associates' Group Health Plan,* 908 F.2d 897, 899 (11th Cir.1990). This requirement exists because a strong policy favoring exhaustion underlies the statutory scheme. *Id.* at 900. Specific policy concerns served by the exhaustion requirement include helping to reduce the number of frivolous lawsuits under ERISA, promoting the consistent treatment of benefit claims, providing a non-adversarial method of claims settlement, and minimizing the costs of claims settlement for all concerned. *Curry v. Contract Fab. Inc. Profit Sharing Plan,* 891 F.2d 842, 846 (11th Cir.1990). As a result, "the right to seek federal court review matures only after [the exhaustion] requirement has been appropriately satisfied or otherwise excused." *Springer,* 908 F.2d at 900.

■ In opposition to Defendant's motion for summary judgment based on failure to exhaust, Plaintiff makes two arguments. First, Plaintiff asserts that it did exhaust its administrative remedies under the plan. (Pl.'s Br. in Opp'n to Mot. for Summ. J. at 17). The plan provides that, in order to appeal, a claimant must "... write to the Fund Office. Be sure to state why you believe the claim should not have been denied, and submit any additional information you feel may be relevant." (Def.'s Mot. for Summ. J. Greenberg Aff. Ex. A at 39). In

---

1. Because the Court has considered matters outside the pleadings, it will treat the motion as one for summary judgment. FED R.CIV P. 12(b). Accordingly, Defendant's motion to dismiss is denied as moot.

2. The non-moving party may meet its burden through affidavit and deposition testimony, answers to interrogatories, and the like. *Ross v. Bank South,* 837 F.2d 980, 999 (11th Cir.1988).

support of its claim that it did exhaust its available remedies, Plaintiff has provided an affidavit from its Business Office Director, Douglas L. Frye, stating that, in response to the only denial of benefits Plaintiff received, he wrote a letter to Defendant refusing to accept the decision and requesting an "on site" audit. (Frye Aff. ¶ 9). Plaintiff asserts that this action is sufficient to comply with the appeal procedure set out in the plan. (Pl.'s Br. in Opp'n to Mot. for Summ. J. at 18).

Additionally, Plaintiff asserts that, even if it did not exhaust its administrative remedies, such failure to exhaust should be excused because Defendant has denied Plaintiff meaningful access to the appeals process and, as result, any appeal would be futile. The Eleventh Circuit Court of Appeals has recognized a futility exception to the general exhaustion requirement. The court has held that the exception applies when the defendant both 1) controls the plan's administrative review procedures, and 2) exercises its control to deny the plaintiff meaningful access to those procedures. *Curry*, 891 F.2d at 846 (employer's failure to provide employee with plan documents describing available administrative remedies despite several requests by plaintiff's attorney excused plaintiff's failure to exhaust administrative remedies).

As evidence of a denial of meaningful access, Plaintiff has provided several affidavits. These affidavits provide competent evidence that 1) Plaintiff was told that only the patient and not the hospital had the right to appeal adverse decisions [3] (Van Nostrand Aff. ¶¶ 9, 10, 21), 2) the patient's sister did in fact send Defendants a written request for appeal and Defendants have not acted on the request in over a year and a half (Gatch Aff. ¶¶ 5–8), and 3) other than the notice of denial for one claim (of eleven submitted), Plaintiff has not received any notice of denial or instruction as to how to appeal an adverse decision (Frye Aff. ¶ 8; Van Nostrand Aff. ¶ 20). It appears to the Court that these claims, if true, could constitute a denial of meaningful access

to the appeals process sufficient to excuse the failure to exhaust administrative remedies. Because Plaintiff has produced competent evidence that creates a genuine question of fact as to whether Plaintiff exhausted its administrative remedies or, assuming that it did not, whether the failure to exhaust should be excused, the Court concludes that summary judgment is not appropriate in this action.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment [14–2] is DENIED and Defendant's Motion to Dismiss [14–1] is DENIED AS MOOT.

SO ORDERED.

---

3. Defendant clearly takes the opposite position now, arguing that Plaintiff (*i.e.,* the hospital) is barred from bringing this action because it failed

to appeal through appropriate administrative channels.